IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRECKENRIDGE PROPERTY FUND 2016, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DANIELLE PICHETTE and all others, <br><br> Defendant. | CIVIL ACTION NO. <br> 1:18-cv-04384-ODE-LTW |

### MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Stay filed by Defendant Danielle Pichette ("Defendant"). (Doc. 2). For the reasons outlined below, the Court **DENIES** Defendant's Motion to Stay and **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to Cobb County Magistrate Court.

### PROCEDURAL BACKGROUND

On September 10, 2018, Breckenridge Property Fund 2016, LLC ("Plaintiff") filed a dispossessory proceeding against Defendant in Cobb County Magistrate Court. (Doc. 1, p. 7). Defendant, proceeding pro se, removed the case to this Court on September 19, 2018. (Doc. 1). Defendant requests that this Court review the final judgment of the Cobb County Magistrate Court, which entered a writ of possession against Defendant. (Doc. 1, p. 1). Defendant appears to argue that this Court has jurisdiction over the matter because the prior foreclosure of the property violated

Plaintiff's due process rights and 42 C.F.R. 203.604(b).  (Doc. 1, p. 1).

## LEGAL ANALYSIS

Based on the Court's review of the pleadings, it is clear that removal was improper because the Court lacks subject matter jurisdiction over the instant lawsuit. It is the Court's duty to inquire into its subject matter jurisdiction *sua sponte* whenever it may be lacking.  Hernandez v. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008).  The general removal statute, 28 U.S.C. § 1441, does not provide a basis for removal in this case.  Title 28, Section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  District courts have original jurisdiction of civil cases that present a federal question or that involve citizens of different states and exceed the $75,000 amount in controversy threshold.  See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction for citizens of different states).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted).  "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

It is readily apparent that federal question jurisdiction is not present. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

Although the copy of the dispossessory complaint Defendant provided to the Court is incomplete, Defendant does not allege that Plaintiff relied on anything other than state law when it initiated a dispossessory proceeding in Cobb County Magistrate Court seeking possession of Defendant's residence. (Doc. 1). Defendant's Notice of Removal recites that Plaintiff filed a dispossessory proceeding and obtained a writ of possession. (Doc. 1). Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia lies entirely in the state court system. See O.C.G.A. § 44-7-49, et seq. There is also no evidence that warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar, 482 U.S. at 393. Although Defendant argues the matter is removable on the grounds that the dispossessory action violated Plaintiff's due process rights and 42 C.F.R. 203.604(b), a federal question presented as a counterclaim or a defense is not a proper basis for

removal of a complaint. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 n.20 (11th Cir. 2010).

Nor do the facts presented in this case support diversity jurisdiction. A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the citizenship of the parties is diverse and that the $75,000 amount in controversy jurisdictional threshold is met. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990). Defendant's Petition for Removal does not include any facts showing that the parties are diverse or that the $75,000 jurisdictional threshold is met. Defendant only alleges that Plaintiff sought possession of the property. (Doc. 1). A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy. Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002). Moreover, the value of the property has no bearing on whether the jurisdictional threshold has been met for the purposes of determining the amount in controversy. See Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1-07-cv-2864-RWS and 1-07-cv-2865-RWS, 2017 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008) (holding that a defendant seeking to remove a matter may not rely on the value of the property as a whole to satisfy the amount in controversy requirement

AO 72A
(Rev.8/82)

because a dispossessory proceeding in Georgia is only a dispute over the limited right to possession, not an ownership dispute over title to the property); see also Steed v. Fed. Nat'l Mortg. Corp., 301 Ga. App. 801, 805 (Ga. Ct. App. 2009).  Because Defendant has not established a basis for the Court to exercise removal jurisdiction, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Cobb County Magistrate Court.

### CONCLUSION

Defendant's Motion to Stay is **DENIED**. (Doc. 2).  The Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Cobb County Magistrate Court.  As this is a final Report and Recommendation and there are no other matters pending before the Court, the Clerk is directed to terminate the reference to the undersigned.

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this 4 day of December, 2018.

_____
LINDA T. WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)